Law Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
                  )
     vs. )
                  )
                  )
ONSO WIA aka ONSO CHEKA aka )
ONSO SOITER aka RELIEVER SOITER )
aka BELIEVER SOTVER, )
                  )
          Defendant. )
                  )

CRIMINAL CASE NO. CM0639-10

**DECISION AND ORDER
ON DEFENDANT'S MOTION TO
DISMISS**

This matter came before the HONORABLE VERNON P. PEREZ on November 22, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with two Petty Misdemeanors and a violation of his conditioned release. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

## DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II*. *See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II*, the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite

*People v. Wia,*
Decision and Order (Defendant's Motion to Dismiss)
Criminal Case No. CM0639-10         - Page 1 of 4 -

proceedings against Defendant. The Government believes that good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II.* That is the crux of the issue before the Court now. Does good cause delay exist where the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

Defendant argues that Supreme Court, in *Rasauo II,* aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen,* the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32. Defendant argues that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found. Defendant concludes by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's arraignment within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for many courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the lower courts are required to adjust their calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II.*

The Court finds no relevant controlling precedent in case law to base its decision, but

finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2010).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II*. Here, there were more than 60 days from Complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The Court filed a summons on August 11, 2010 which was almost a month after the Government filed its Complaint on July 12, 2010.[1] In the summons, the Court dated the arraignment hearing to be September 22, 2010 at 10:00a.m.. Even if Defendant was present at the September 22, 2010 expected arraignment, the Defendant would not have been arraigned less than 60 days after the Complaint. The Complaint was filed on July 12, 2010 which would require the Defendant to be arraigned by September 10, 2010.[2] The Court placed the arraignment date beyond the 60 day limit, there was never an opportunity for Defendant's arraignment to comply with *Rasauo II*. The fact that Defendant did not appear at the September 22, 2010 hearing is irrelevant as good cause could only exist if it was ever possible to arraign Defendant within 60 days. The only recorded attempt to notify Defendant of the September 22, 2010 date, was made on September 7, 2010, just three days before the prompt arraignment clock expired.

---

[1] The Court understands that the first summons was created on the same day of the Complaint, but it was not filed until August 11, 2010.

[2] 8 GCA § 1.25(a) discusses the method in which computation of time is done. The first day in which the event or time to be calculate begins is not included in the determination.

The Court finds good cause to exist in this case, but no good cause exists during the relevant time frames. Good cause exists in the time it took Defendant and his freshly appointed attorney to get up to speed.[3] Good cause also exists in the time frame where locating Defendant was difficult. Yet, no good cause exists that would excuse the fact that even if Defendant was properly noticed and came to Court for his September 22, 2010 arraignment date, 72 days would have expired from the prompt arraignment clock.

No further discussion is warranted in this matter. Normally, it would be judicious to discuss the efforts put forth to locate the Defendant. In this matter, the issue is irrelevant as even a diligent effort by the Marshals, which the Court finds in this case, would not negate the fact that Defendant was scheduled to be arraigned beyond 60 days from the filing of the criminal Complaint. The criminal procedure in this case was doomed from the very inception of this case when it took the Court more than a month to even issue a summons after the criminal Complaint was filed. Defendant was not arraigned within 60 days from the filing of the Complaint and no good cause can be found to exist that would excuse the delay. This Court will dismiss this matter without prejudice as the Court does not find the Office of the Attorney General to be responsible for the delay created by the Superior Court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

So **ORDERED** this **02** day of March, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

MAR 02 2012

---

[3] 8 GCA § 45.30(c) requires that the Court gives reasonable time to allow a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing the case with counsel allows the defendant to understand the significance of the arraignment process. *Hamilton v. Alabama*, 368 U.S. 52 (1961)